UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 3/21/2016

ETAN LEIBOVITZ,

                Plaintiff,

v.

THE CITY OF NEW YORK, *a municipal entity*, NEW YORK COUNTY DISTRICT ATTORNEY CY VANCE; NYPD MANHATTAN DA SQUAD DETECTIVE MARISA VALLE; NEW YORK STATE COURT ATTORNEY ALANA GARDNER; NEW YORK STATE LIEUTENANT ANGELA SHIRLAW; NEW YORK STATE COURT OFFICERS BRIAN DALEY, SALVATORE RAPAGLIA, NICOLE TUSA,

                Defendants.

No. 14-CV-3297 (RA)

OPINION ADOPTING
REPORT & RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

Plaintiff Etan Leibovitz initiated this action pro se on April 23, 2014, alleging violations of his constitutional rights by various New York State and City officials. On April 16, 2015, Plaintiff filed a second amended complaint ("SAC"), which Defendant Cyrus Vance, the District Attorney for New York County, moved to dismiss on June 26, 2015. On July 20, 2015, Defendants Court Attorney Alana Gardner and Court Officers Brian Daley, Nicole Tusa, Angela Shirlaw, and Salvatore Rapaglia (collectively, the "New York State Defendants") filed a separate motion to dismiss. The Court referred both motions to Magistrate Judge Francis for a report and recommendation. *See* Dkt. 53.[1] On September 2, 2015, Plaintiff filed a motion seeking a

---

[1] On October 30, 2015, Defendants City of New York and New York City Police Department Detective Marisa Valle also filed a motion to dismiss. The Court referred that motion to Judge Francis as well and it remains pending. *See* Dkt. 77.

1

preliminary injunction for his claims against District Attorney Vance. On February 24, 2016, Judge Francis issued a detailed and well-reasoned 61-page Report & Recommendation (the "Report"), recommending that this Court grant District Attorney Vance's motion to dismiss and grant the New York State Defendants' motion except with respect to Plaintiff's claim of assault and battery against Court Officer Rapaglia.[2] Following the filing of the Report, this Court twice granted Plaintiff's requests to extend the deadline to object and ordered that all objections be filed no later than March 4, 2016. *See* Dkt. 90, 94. On February 23, 2016, Plaintiff filed a letter to the Court accompanied by several exhibits (the "February 23 Letter" or the "Letter").[3] Defendants did not object to the Report or respond to Plaintiff's Letter. The Court assumes the parties' familiarity with the facts.

I.   **Report and Recommendation**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2). "The district court may adopt those portions of the report to which no specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Minto v. Decker*, 108 F. Supp. 3d 189, 192 (S.D.N.Y. 2015) (internal quotations omitted). "[W]hen a party makes conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only

---

[2] As the Report notes, the New York State Defendants did not move to dismiss Plaintiff's claims against Court Officer Rapaglia for excessive force or those against Court Officers Tusa and Daley for their failure to intervene in Rapaglia's alleged excessive force. Report at 8 n.5, 59–60.

[3] Plaintiff filed another letter on March 18, 2016, but it did not contain objections to the Report. *See* Dkt. 99.

for clear error." *Alaimo v. Bd. of Educ. of the Tri-Valley Cent. Sch. Dist.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009) (citing *Renelique v. Doe*, No. 99-CV-10425, 2003 WL 23023771, at *1 (S.D.N.Y. Dec. 29, 2003) (collecting cases)). Although "[t]he objections of pro se parties are 'generally accorded leniency and should be construed to raise the strongest arguments that they suggest[,] . . . even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument.'" *Davila v. Bradt*, No. 08-CV-3227 (DAB), 2011 WL 611881, at *1 (S.D.N.Y. Feb. 17, 2011) (quoting *Howell v. Port Chester Police Station*, No. 09-CV-1651 (CS)(LMS), 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010)).

For the most part, the February 23 Letter—which the Court will assume was intended to constitute Plaintiff's objections—does not address the Report, let alone any particular recommendations in it. Plaintiff does state, "[o]ne glaring objection that I do have pertains to Magistrate Francis' recommendation to dismiss my claims against Defendant Cy Vance, specifically my claim pertaining to his Conviction Rate Policy, as well as my claims against defendant Alana Gardner." Letter at 2. Other than in this vague objection, however, the Letter does not reference the Report's conclusions.[4] In discussing a Freedom of Information Law request, Plaintiff notes that his claims against District Attorney Vance should not be dismissed because the "Conviction Rate Policy" is administrative and not prosecutorial and, therefore, Vance should not be protected by prosecutorial immunity. *See id.* at 19–20 (citing *Van de Kamp*

---

[4] The Letter instead: (i) challenges "Judge Francis' competence to preside over this case," Letter at 2; (ii) argues that Judge Edwards—who is no longer a party in this action—should have granted Plaintiff's motion to proceed pro se in a 2013 criminal case, *id.* at 2–4; (iii) discusses facts relating to Plaintiff's two arrests in Queens, New York that did not involve District Attorney Vance or the New York State Defendants, *id.* at 4–16; and (iv) describes Plaintiff's inability to secure documents through, among other methods, requests pursuant to the Freedom of Information Law, *id.* at 16–25. None of these issues are properly before the Court.

3

*v. Goldstein*, 555 U.S. 335 (2009)). Judge Francis, however, never reached this distinction because he recommended dismissing the claims against District Attorney Vance in light of the SAC's lack of factual support for the existence of such a policy and failure "to establish the requisite causal link between any such policy and the constitutional violations [Plaintiff] allegedly suffered." Report at 15–16. The Letter does not address these aspects of the Report.

Where, as here, "Plaintiff's opposition to [the] Report does not address any issues in the Report, it will be treated as raising only general objections . . . [and] will be reviewed for clear error." *Franklin v. Liberty Mut. Ins. Co.*, No. 08-CV-7120 (DAB), 2011 WL 476613, at *2 (S.D.N.Y. Feb. 9, 2011); *accord Travers v. Astrue*, No. 10 CIV. 8228, 2013 WL 1955686, at *1 (S.D.N.Y. May 13, 2013) (reviewing for clear error where a "[p]laintiff's objections lack specificity; she does not address any particular finding in the Report, but rather simply disagrees with the Report's conclusion"). The Court, having reviewed the Report for clear error, finds none. The Report is thus adopted in its entirety.

## II. Preliminary Injunction

"To successfully seek a preliminary injunction, a moving party must show four elements: (1) likelihood of success on the merits; (2) likelihood that the moving party will suffer irreparable harm if a preliminary injunction is not granted; (3) that the balance of hardships tips in the moving party's favor; and (4) that the public interest is not disserved by relief." *JBR, Inc. v. Keurig Green Mountain, Inc.*, 618 F. App'x 31, 33 (2d Cir. 2015) (citing *Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010)). Here, Plaintiff "seeks injunctive relief for his claim against Cy Vance, that his Conviction Rate Policy is unconstitutional." Pl.'s Mem. in Supp. of Prelim. Inj. at 4.

As indicated above, Judge Francis found that the SAC "provides no factual support" for Plaintiff's allegation that District Attorney Vance's office has any policy based on conviction rates and that "[t]o the extent the plaintiff contends that merely calculating or knowing an office's conviction rate constitutes a conviction rate policy . . . [the SAC] fails to establish the requisite causal link between any such policy and the constitutional violations [Plaintiff] allegedly suffered." Report at 15–16. This Court agrees. As Plaintiff's constitutional claim stemming from the alleged "Conviction Rate Policy" fails on the merits, his motion for a preliminary injunction is denied. *See Marcavage v. City of New York*, 918 F. Supp. 2d 266, 276 (S.D.N.Y. 2013) ("Because Plaintiffs' claims fail on the merits, their motion for a preliminary injunction is also denied."); *Save Our Parks v. Kempthorne*, No. 06-CV-6859 (NRB), 2006 WL 3378703, at *19 (S.D.N.Y. Nov. 15, 2006).

### III. Conclusion

As the Court adopts the Report in its entirety, the motions to dismiss filed by District Attorney Vance and the New York State Defendants are granted, except with respect to Plaintiff's claims of assault and battery against Court Officer Rapaglia. As the deficiencies in the SAC "cannot be remedied by repleading," this Court finds that amendment would be futile and dismisses these claims with prejudice. Report at 58. Further, Plaintiff's motion for a preliminary injunction is also denied. Remaining in this action, therefore, are (i) Plaintiff's claims against Court Officer Rapaglia for excessive force, assault, and battery; (ii) Plaintiff's claims against Court Officers Tusa and Daley for failure to intervene in Rapaglia's alleged excessive force; and (iii) Plaintiff's claims against the City of New York and Detective Marisa Valle, including those subject to the pending motion to dismiss.

The Clerk of Court is respectfully directed to close the motions at docket entries 35, 49, and 62.

SO ORDERED.

Dated:  March 21, 2016
        New York, New York

Ronnie Abrams
United States District Judge