UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 7/1/2016
```

ETAN LEIBOVITZ,

          Plaintiff,

v.

THE CITY OF NEW YORK, *a municipal entity*; NYPD MANHATTAN DA SQUAD DETECTIVE MARISA VALLE; NEW YORK STATE COURT OFFICERS BRIAN DALEY, SALVATORE RAPAGLIA, NICOLE TUSA,

          Defendants.

No. 14-CV-3297 (RA)

OPINION ADOPTING
REPORT & RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

      Plaintiff Etan Leibovitz initiated this action *pro se* on April 23, 2014, alleging violations of his constitutional rights by various New York State and City officials. On April 16, 2015, Plaintiff filed a second amended complaint ("SAC"), which Defendants City of New York and New York City Police Department Detective Marisa Valle moved to dismiss on October 30, 2015.[1] The Court referred that motion to Judge Francis for a report and recommendation. On March 17, 2016, Judge Francis issued a detailed and well-reasoned 25-page Report & Recommendation (the "Report"), recommending that this Court grant the motion to dismiss. Following the filing of the Report, on April 6, 2016 and April 28, 2016, this Court twice granted Plaintiff's requests to extend the deadline to object. *See* Dkt. 104, 113. On April 28, 2016, the Court ordered "that the deadline for Plaintiff to oppose the Report and Recommendation is extended until May 16, 2016. No additional extensions will be granted irrespective of the

---

[1] On March 21, 2016, the Court dismissed claims in the SAC against various other state defendants. *See* Dkt. 100.

progress of Plaintiff's FOIL requests."[2] Dkt. 113. On June 2, 2016, more than two weeks after the Court's deadline, Plaintiff submitted a letter requesting additional time to object to the Report and detailing the status of (i) his FOIL requests for information about Defendant Valle, (ii) his ongoing criminal appeal in the New York State Supreme Court Appellate Term, and (iii) his "inquest" pending in Queens Civil Court. Dkt. 117 at 1–3. In the letter, Plaintiff also stated that he was "still in the process of amending [his] second amended complaint and from there [he] will file a motion seeking leave to amend." Id. at 3. The Defendants opposed the extension, which was denied on June 27, 2016. No objections have been filed by Plaintiff to date.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2). "The district court may adopt those portions of the report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." Minto v. Decker, 108 F. Supp. 3d 189, 192 (S.D.N.Y. 2015) (internal quotations omitted). "When no objections are filed to an R & R, a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation." Santos v. City of New York, No. 10-CV-3159 (JPO), 2012 WL 565987, at *1 (S.D.N.Y. Feb. 21, 2012). "[P]ro se status [does not] excuse a party from meeting deadlines imposed by the Court." Elliott v. Nestle Waters N. Am. Inc., No. 13-CV-6331 (RA), 2014 WL 1795297, at *6 (S.D.N.Y. May 6, 2014) (alterations in original) (quoting Martinez v. Ravikumar,

---

[2] In Plaintiff's April 20, 2016 letter requesting a second extension of time, Plaintiff noted that he had filed a FOIL request seeking information about prior suits against Defendant Valle. Dkt 112 at 2.

536 F. Supp. 2d 369, 370 (S.D.N.Y. 2008)); *see also Santos*, 2012 WL 565987, at *1 (denying *pro se* plaintiff's motion to extend the deadline to object to a report and recommendation).

As no objections were filed, the Court has reviewed the Report for clear error and found none. The Report is thus adopted in its entirety and the motion to dismiss is granted. As the deficiencies in the SAC "cannot be remedied by repleading," this Court finds that amendment would be futile and dismisses these claims with prejudice. Report at 24. Remaining in this action, therefore, are (i) Plaintiff's claims against Court Officer Rapaglia for excessive force, assault, and battery; and (ii) Plaintiff's claims against Court Officers Tusa and Daley for failure to intervene in Rapaglia's alleged excessive force. *See* Dkt. 100 at 6.

The Clerk of Court is respectfully directed to close the motion at docket entry 78.

SO ORDERED.

Dated:   July 1, 2016
         New York, New York

_____
Ronnie Abrams
United States District Judge