UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ETAN LEIBOVITZ,<br><br>        Plaintiff,<br><br>– against –<br><br>CITY OF NEW YORK, a municipal entity; NEW YORK COUNTY DISTRICT ATTORNEY CY VANCE; NYPD MANHATTAN DA SQUAD DETECTIVE MARISA VALLE, SHIELD #03637; NEW YORK STATE COURT ATTORNEY ALANA GARDNER; NEW YORK STATE LIEUTENANT ANGELA SHIRLAW (Shield #279); NEW YORK STATE COURT OFFICERS BRIAN DALEY (Shield #6292), SALVATORE RAPAGLIA (Shield #3222), NICOLE TUSA (Shield #6382),<br><br>        Defendants. | No. 14-cv-3297 (RA) (JCF) |

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR RULE 37(b) SANCTIONS
FOR FAILURE TO COMPLY WITH COURT ORDERS**

               ERIC T. SCHNEIDERMAN
               Attorney General of the
               State of New York
               Attorney for State Defendants
               120 Broadway
               New York, New York 10271
               (212) 416-6696

MICHAEL A. BERG
ANGEL M. GUARDIOLA II
Assistant Attorneys General

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................................ iii

PRELIMINARY STATEMENT .................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................. 1

ARGUMENT .................................................................................................................................. 6

      THE COURT SHOULD SANCTION PLAINTIFF
      FOR HIS FAILURE TO OBEY COURT ORDERS ISSUED UNDER
      RULE 37(a) THAT DIRECTED HIM TO PROVIDE DISCOVERY RESPONSES ..... 6

      A.    Dismissal of This Action Is Appropriate Because No Lesser Sanction Will
           Ensure Plaintiff's Compliance with the Court's Discovery Orders ........................ 7

      B.    Alternatively, the Court Should Preclude Plaintiff from Introducing Evidence
           of Injuries and Damages and from Relying on Witnesses and Documents
           Not Already Disclosed as of December 30, 2016 ................................................. 10

CONCLUSION ............................................................................................................................. 13

i

## TABLE OF AUTHORITIES

**Cases**                                                                                                       **Page(s)**

*Agiwal v. Mid Island Mortgage Corp.*,
   555 F.3d 298 (2d Cir. 2009)..................................................................................................7, 9

*Chanel, Inc. v. Veronique Idea Corp.*,
   795 F. Supp. 2d 262 (S.D.N.Y. 2011)......................................................................................10

*Chowdhury v. Hamza Express Food Corp.*,
   308 F.R.D. 74 (E.D.N.Y. 2015)...........................................................................................8, 13

*Colón v. Blades*,
   268 F.R.D. 129 (D.P.R. 2010) .................................................................................................11

*Design Strategy, Inc. v. Davis*,
   469 F.3d 284 (2d Cir. 2006)....................................................................................................11

*Dodson v. Runyon*,
   86 F.3d 37 (2d Cir. 1996).........................................................................................................7

*Gant v. Klenzade*,
   155 F.R.D. 102 (E.D. Penn. 1994)..........................................................................................11

*Handwerker v. AT&T Corp.*,
   211 F.R.D. 203 (S.D.N.Y. 2002) .............................................................................................9

*Local Union No. 40 v. Car-Win Construction Inc.*,
   88 F. Supp. 3d 250 (S.D.N.Y. 2015)........................................................................................7

*Minotti v. Lensink*,
   895 F.2d 100 (2d Cir. 1990).....................................................................................................7

*Monaghan v. SZS 33 Associates, L.P.*,
   148 F.R.D. 500 (S.D.N.Y. 1993) ...........................................................................................11

*National Hockey League v. Metropolitan Hockey Club, Inc.*,
   427 U.S. 639 (1976).................................................................................................................6

*Nieves v. City of New York*,
   208 F.R.D. 531 (S.D.N.Y. 2002) .............................................................................................7

*Reilly v. Natwest Markets Group Inc.*,
   181 F.3d 253 (2d Cir. 1999)...................................................................................................11

*Sentry Insurance A Mutual Co. v. Brand Management, Inc.*,
   295 F.R.D. 1 (E.D.N.Y. 2013).................................................................................................7

*Southern New England Telephone Co. v. Globan NAPs Inc.*,
   624 F.3d 123 (2d Cir. 2010)..................................................................................7

*Update Art, Inc. v. Modiin Publ'g, Ltd.*,
   843 F.2d 67 (2d Cir. 1988)........................................................................6, 10, 13

*Valentine v. Museum of Modern Art*,
   29 F.3d 47 (2d Cir. 1994)......................................................................................9

*Wachtel v. Health Net, Inc.*,
   239 F.R.D. 81 (D.N.J. 2006)................................................................................11

*Ware v. Rodale Press, Inc.*,
   322 F.3d 218 (3d Cir. 2003)................................................................................10

*World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*,
   694 F.3d 155 (2d Cir. 2012)............................................................................7, 12

**Federal Rules and Regulations**

Fed. R. Civ. P. 26...........................................................................................10, 11

Fed. R. Civ. P. 33...............................................................................................3, 7

Fed. R. Civ. P. 34...............................................................................................3, 8

Fed. R. Civ. P. 37...........................................................................................5, 6, 7

**PRELIMINARY STATEMENT**

Plaintiff *pro se* Etan Leibovitz ("Plaintiff") brought this action asserting twenty-five claims under federal and state law against multiple parties. Only three defendants remain— New York State Court Officers Brian Daley, Nicole Tusa, and Salvatore Rapaglia ("State Defendants")—and all but three claims have been dismissed. The remaining claims arise out of Plaintiff's removal from a courtroom in the Criminal Court of the City of New York, New York County, during Plaintiff's sentencing hearing upon a conviction of two counts of aggravated harassment in the second degree.

The State Defendants seek sanctions pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure based upon Plaintiff's repeated failure to comply with the Court's discovery orders. Specifically, Plaintiff initially failed to provide executed HIPAA-compliant authorizations and has failed to respond to the State Defendants' interrogatories and document requests. Plaintiff not only failed to meet the original discovery deadline agreed upon by the parties and so-ordered by the Court, but also disregarded two successive deadlines set by the Court in respective orders pursuant to Rule 37(a). By those orders, the Court warned Plaintiff that he faced possible sanctions, including dismissal of the action, should he fail to comply. Sanctions are appropriate because Plaintiff provides no reasonable explanation for his disregard of the Court's orders.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff's surviving claims against the State Defendants allege: (i) excessive force against Officer Rapaglia based on his removal of Plaintiff from a courtroom during Plaintiff's sentencing; (ii) state-law assault and battery against Officer Rapaglia for the same conduct; and (iii) failure to intervene against Officers Daley and Tusa based on their alleged inaction during

Officer Rapaglia's removal of Plaintiff from the courtroom. *See* Doc. 119 (July 1, 2016 Opinion Adopting Report & Recommendation), at 3. Plaintiff alleges that he sustained physical and emotional injuries resulting from the State Defendants' conduct. *See* Doc. 27 (Second Amended Complaint) ¶¶ 567, 589.

On April 21, 2016, Plaintiff and counsel for the State Defendants conferred by telephone and agreed to a proposed discovery schedule. *See* Guardiola Decl. ¶ 2; Doc. 114 (May 5, 2016 Letter). During the telephonic conference, Plaintiff agreed to provide executed HIPAA-compliant authorizations prior to the Rule 16 conference with the Court. *See* Guardiola Decl. ¶ 2; Doc. 114, at 2. By letter dated August 12, 2016, the State Defendants provided Plaintiff with multiple authorization forms prepared for his signature and asked that Plaintiff insert the names and addresses of his health care and mental health care providers. *See* Guardiola Decl. ¶ 3 & Ex. A (Aug. 12, 2016 Letter); Doc. 136 (Sept. 30, 2016 Letter), at 1–2. However, Plaintiff did not provide any executed authorizations prior to the Rule 16 conference. Guardiola Decl. ¶ 3.

At the Rule 16 conference on August 22, 2016, Plaintiff represented to the Court that he would promptly provide the authorizations to State Defendants' counsel. *See* Guardiola Decl. ¶ 4; Doc. 136, at 2. Additionally, the Court set a discovery schedule providing, *inter alia*, for service of interrogatories and document requests no later than September 21, 2016 and service of responses by October 21, 2016. *See* Doc. 126 (Case Management Plan & Scheduling Order) ¶ 8(a)-(b).

On September 20, 2016, State Defendants' counsel reminded Plaintiff of his obligation to provide the HIPAA-compliant authorizations and asked him to do so by September 23. *See* Guardiola Decl. Ex. F (Sept. 20, 2016 email exchange); Doc. 136, at 2. Plaintiff represented that he was working on the authorizations. Guardiola Decl. Ex. F. On September 21, 2016, State

Defendants' counsel served interrogatories and document requests on Plaintiff by mail and email, and provided an additional paper copy and a PDF of the HIPAA-complaint authorization form.  *See* Guardiola Decl. Ex. G (Sept. 21, 2016 email with attachments).  The State Defendants' interrogatories also sought, *inter alia*, a computation of damages from Plaintiff, *see id.* at 8 (Interrogatory No. 4), which he had failed to provide with his initial disclosures, notwithstanding the requirements of Rule 26(a)(1)(iv), *see* Guardiola Decl. Ex. C (Pl.'s Sept. 7, 2016 email with Initial Disclosures), at 8.

On September 27, 2016, Plaintiff and State Defendants' counsel met and conferred by telephone about discovery matters, including Plaintiff's failure to provide executed HIPAA authorizations.  *See* Guardiola Decl. Ex. H (Sept. 21-26, 2016 email exchange), at 2; Guardiola Decl. ¶ 9–10; Doc. 136, at 2.  At the beginning of the call, Plaintiff agreed to discuss the HIPAA authorizations.  *See* Guardiola Decl. ¶ 10.  However, Plaintiff began by insisting that the Attorney General investigate his former business partners identified in the Second Amended Complaint, a judge who presided over the underlying criminal cases, and the New York State Office of Court Administration and the Manhattan District Attorney's Office for their filings in the instant action.  *See id.*  When State Defendants' counsel raised the issue of the HIPAA authorizations, Plaintiff abruptly ended the call.  *See id.*; Doc. 136, at 2.  Thus, by letter dated September 30, 2016, the State Defendants requested a pre-motion conference with the Court to discuss Plaintiff's failure to provide the authorizations.  *See* Doc. 136, at 2.

On October 21, 2016, Plaintiff's responses to the State Defendants' interrogatories and document requests were due to be served pursuant to the agreed-upon and Court-ordered Case Management Plan and Scheduling Order.  *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A); Guardiola Decl. Ex. G; Doc. 126, at 2.  However, Plaintiff did not serve any discovery responses or provide

3

any HIPAA authorizations. *See* Guardiola Decl. ¶¶ 12–14. Thus, by letter dated October 31, 2016, the State Defendants renewed their request for a pre-motion conference to discuss Plaintiff's non-compliance with his discovery obligations as well as his failure to provide the HIPAA authorizations. *See* Doc. 140 (October 31, 2016 Letter), at 2.

The Court issued two orders on November 15, 2016. The first directed Plaintiff to "provide complete responses to the interrogatories and document requests" by November 30, 2016. *See* Doc. 142, at 2. The second directed Plaintiff to "provide the requested [HIPAA] authorizations no later than November 30, 2016," and warned that Plaintiff's failure to do so would subject him "to sanctions that may include dismissal of his claims." *See* Doc. 144, at 2.

During a telephone conversation on November 16, 2016, State Defendants' counsel advised Plaintiff that they expected him to comply with the Court's orders so that discovery could proceed. *See* Guardiola Decl. ¶ 16. However, Plaintiff did not provide HIPAA authorizations or discovery responses. *See* Guardiola Decl. ¶ 17. Instead, on November 30, 2016 Plaintiff notified State Defendants' counsel for the first time, by email, that he had not completed his responses to the interrogatories and document requests. *See* Guardiola Decl. Ex. J (Nov. 30, 2016 email copying counsel); Doc. 151, at 2. During a subsequent conversation on December 1, 2016, Plaintiff insisted on discussing unrelated matters, and State Defendants' counsel advised Plaintiff that they opposed any request for more time to provide the discovery responses. *See* Guardiola Decl. ¶ 18; Doc. 151, at 2.

On December 13, 2016, counsel for the State Defendants notified Plaintiff that he was in default of his discovery obligations with respect to the HIPAA authorizations and the responses to interrogatories and document requests. *See* Guardiola Decl. Ex. K (Dec. 13, 2016 email); Doc. 151, at 2. The parties' efforts to set up a phone call to discuss Plaintiff's failure to comply

4

with the Court's orders were unsuccessful. *See* Guardiola Decl. ¶ 20 & Ex. L (Dec. 14 & 15, 2016 emails); Doc. 151, at 2. Nevertheless, by voicemail on December 20, 2016, Plaintiff advised State Defendants' counsel that he still needed to work on the discovery responses and "hopefully" he would produce them "soon." *See* Guardiola Decl. ¶ 21; Doc. 151, at 2. State Defendants' counsel determined that Plaintiff's response was insufficient, and by letter dated December 20, 2016, requested a Court order directing Plaintiff to produce "his HIPPA-compliant authorizations, documents, and interrogatory answers forthwith" or, in the alternative, "issue further orders pursuant to Rule 37(b)(2)(A)" of the Federal Rules of Civil Procedure. *See* Doc. 151 (Dec. 20, 2016 Letter), at 2.

By order dated December 21, 2016, the Court directed Plaintiff to "fully comply with [the] November 15, 2016 discovery orders by December 30, 2016." *See* Doc. 152, at 3. The Court then granted leave for the State Defendants to "promptly move for sanctions, including dismissal of the complaint," if Plaintiff failed to comply with his discovery obligations. *See id.*

On or about December 27, 2016, Plaintiff notified State Defendants' counsel that he had some concerns over the deadline and wished to discuss discovery. *See* Guardiola Decl. Ex. M (Dec. 27 & Dec. 29, 2016 emails). After an email exchange, in which Plaintiff refused to disclose his purported concerns, the parties set a telephone conference for December 29, 2016. *Id.* at 1. During that conference, Plaintiff asserted that State Defendants' counsel was obligated to allow Plaintiff to use the Attorney General's facilities to copy and print his responses to the interrogatories and document requests, despite the fact that he had previously printed and mailed his discovery demands and disclosures. *See* Guardiola Decl. ¶ 25 & n.1. State Defendants' counsel did not agree to allow Plaintiff to use the State's copiers and scanners for the purpose of preparing his purported discovery responses. *See id.* ¶ 25. Plaintiff also did not explain why he

5

had not signed and returned the HIPAA authorizations that State Defendants' counsel had printed and sent to him on two prior occasions. *See id.*

The December 30, 2016 deadline passed without Plaintiff serving any discovery responses or HIPAA authorizations. *See id.* ¶ 26. Even though State Defendants' counsel have allowed Plaintiff more time to comply with the Court's order, Plaintiff has instead blamed State Defendants' counsel for not letting him use their office for copy services. *See id.* ¶¶ 27–28. Additionally, on February 8, 2017, Plaintiff indicated that he will not be providing any HIPAA authorizations to State Defendants' counsel because he already provided releases to the New York City Corporation Counsel in another lawsuit. *See id.* ¶ 29

## ARGUMENT

### THE COURT SHOULD SANCTION PLAINTIFF FOR HIS FAILURE TO OBEY COURT ORDERS ISSUED UNDER RULE 37(a) THAT DIRECTED HIM TO PROVIDE DISCOVERY RESPONSES

Under the Federal Rules of Civil Procedure, where a party "fails to obey an order to provide or permit discovery," the court may "issue further just orders" to sanction the disobedient party. Fed. R. Civ. P. 37(b)(2)(A). Authorized sanctions include "dismissal of the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Alternatively, the court may "prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," Fed. R. Civ. P. 37(b)(2)(A)(ii). These sanctions are meant to (i) "ensure that a party will not benefit from its own failure to comply," (ii) serve as "specific deterrents and seek to obtain compliance with the particular order issued," and (iii) "serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault." *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988) (citing *Nat'l Hockey League v. Metro.*

6

*Hockey Club, Inc.*, 427 U.S. 639 (1976)).

Courts consider "a number of factors, including: '(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance.'" *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)). Prejudice to the moving party may also be a consideration, though it is not a prerequisite to issuing sanctions. *See Local Union No. 40 v. Car-Win Constr. Inc.*, 88 F. Supp. 3d 250, 263 (S.D.N.Y. 2015) (citing *S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148–49 (2d Cir. 2010)). "Because the text of the rule requires only that the district court's orders be just, . . . and because the district court has wide discretion in imposing sanctions under Rule 37, these factors are not exclusive, and they need not each be resolved against the [disobedient] party." *World Wide Polymers, Inc.*, 694 F.3d at 159 (internal quotation marks omitted) (quoting *S. New Eng. Tel. Co.*, 624 F.3d at 144); *accord Sentry Ins. A Mut. Co. v. Brand Mgmt., Inc.*, 295 F.R.D. 1, 5 (E.D.N.Y. 2013); *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002).

### A. Dismissal of this Action Is Appropriate Because No Lesser Sanction Will Ensure Plaintiff's Compliance with the Court's Discovery Orders

"'[A]ll litigants, including *pro ses*, have an obligation to comply with court orders,' . . . and failure to comply may result in sanctions, including dismissal with prejudice." *Agiwal*, 555 F. 3d at 302 (quoting *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990)). Dismissal is appropriate where no lesser sanction would ensure Plaintiff's compliance with the discovery orders. *World Wide Polymers, Inc.*, 694 F.3d at 160 (quoting *Dodson v. Runyon*, 86 F.3d 37, 39 (2d Cir. 1996)).

7

Applying the factors set forth by the Second Circuit, the sanction of dismissal is warranted. *See id.* at 159.  First, Plaintiff has ignored three deadlines for service of his HIPAA authorizations and discovery responses: (i) the initial October 21, 2016 deadline pursuant to the Case Management Order and Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), (ii) the Court-ordered deadline of November 30, 2016, *see* Doc. 142, at 2; Doc. 144, at 2, and (iii) the subsequent Court-ordered deadline of December 30, 2016, *see* Doc. 152, at 3. Plaintiff's reasons for noncompliance with the most recent deadline, that State Defendants' counsel is obliged to provide him printing facilities[1] and that he already provided HIPAA-compliant releases to the City in another lawsuit, constitute open defiance of the Court. *See* Guardiola Decl. ¶¶ 25–29.  Plaintiff printed and filed a 38-page Complaint, a 114-page Amended Complaint, a 147-page Second Amended Complaint, *see* Docs. 1, 13, 13-1, 27, 27-1, 27-2, and myriad other submissions in this action, *see, e.g.*, Docs. 45, 51, 52, 60, 62, 63, 72, 73, 75, 81, 85, 87, 89, 91, 93, 96 to 96-3, 99, 103, 108, 109, 112, 115, 117, 120, 121, 123, 127, 129, 130, 137, 148, 150, 155.  Additionally, Plaintiff did not claim that he was unable to print and copy his documents and interrogatory answers before the first two Court-ordered deadlines. *Cf.* Guardiola Decl. ¶¶ 9–17.  Moreover, Plaintiff does not need to print any of the one-page HIPAA authorization forms or pay for copies of his medical records, as State Defendants' counsel sent Plaintiff a total of seven forms in the mail, *see id.* ¶¶ 3, 8, and it would be the State Defendants' responsibility to acquire and pay for copies of his medical records directly from the health care and mental health care providers.  Plaintiff's "persistent refusal to comply with . . . discovery order[s] presents sufficient evidence of willfulness, bad faith or fault." *Chowdhury v. Hamza Express Food Corp.*, 308 F.R.D. 74, 83 (E.D.N.Y. 2015) (quoting *Handwerker v. AT&T Corp.*,

---

[1] Plaintiff has cited no statute or case suggesting that the State is required to allow him to use its facilities to prepare his discovery responses.

211 F.R.D. 203, 209 (S.D.N.Y. 2002)).

Second, Plaintiff's conditioning his participation in discovery on the Attorney General investigating non-parties[2] demonstrates that a lesser sanction will not effect his compliance. *See* Guardiola Decl. ¶¶ 10, 42–44, 47–51 & Exs. N–R. His failure to provide any reason for not providing HIPAA releases and his subsequent insistence that this Office is obligated to provide him copy services—even though he has previously provided paper copies of his initial disclosures, interrogatories, and document requests—further evinces Plaintiff's "sustained and willful intransigence in the face of repeated and explicit warnings from the court that the refusal to comply with court orders . . . would result in the dismissal of [the] action." *Agiwal*, 555 F.3d at 303 (quoting *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994)).

Third, Plaintiff has refused to comply with his obligations and the Court's orders for more than three months, despite State Defendants' multiple good-faith efforts to remind Plaintiff of his obligations and address any relevant concerns he might have expressed. In the interim, the time period for fact discovery has expired, yet State Defendants appear to be no closer to receiving Plaintiff's responses than they were on October 21, 2016. *See* Doc. 126, at 2; Guardiola Decl. ¶¶ 12–29.

Fourth, the Court has warned Plaintiff twice, by orders dated November 15 and December 21, 2016, respectively, that his failure to provide the HIPAA authorizations and discovery responses could lead to sanctions, including dismissal of the action. *See* Doc. 142, at 2; Doc. 152, at 3. Even these warnings were insufficient to secure Plaintiff's compliance.

Finally, Plaintiff's failure to provide the HIPAA authorizations and discovery responses

---

[2] It appears that Plaintiff actually wants to relitigate the merits of the underlying prosecution instead of the claims currently pending against the State Defendants. *See* Guardiola Decl. ¶¶ 38–39, 48, 50, 52; Guardiola Decl. Ex. S (Pl.'s Feb. 2, 2017 emails); *see also* Doc. 148 (Pl.'s Nov. 28, 2016 Letter); Doc. 150 (Pl.'s Dec. 13, 2016 Letter); Doc. 155 (Pl.'s Dec. 23, 2016 Letter).

9

is prejudicial to the State Defendants' defenses in this action. Whereas Plaintiff's initial disclosures only identify witnesses he believes would support his claims, *see* Fed. R. Civ. P. 26(a)(1); Guardiola Decl. Ex. C, at 2–6, the interrogatories sought identification of any other witnesses, whose testimony may tend to support, *inter alia*, the State Defendants' affirmative defenses (e.g., that Plaintiff's own behavior caused his purported physical injuries), *see* Guardiola Decl. Ex. G, at 8 (Interrogatory No. 2); *see also* Doc. 105 (Daley Ans.), at 88; Doc. 106 (Rapaglia Ans.), at 87; Doc. 107 (Tusa Ans.), at 87. Additionally, the State Defendants are unable to access Plaintiff's medical records or depose any of his health care providers without the HIPAA authorizations. Thus, Plaintiff's non-compliance is preventing the State Defendants from assessing Plaintiff's alleged injuries and health-related claims and from assessing and possibly contesting the amount of damages that Plaintiff may seek. Moreover, the State Defendants are unable to contest the amount of damages that Plaintiff seeks in the Second Amended Complaint because Plaintiff has utterly failed to provide a calculation of damages, either in his Rule 26(a)(1) disclosures or in response to the State Defendants' interrogatories. Guardiola Decl. Ex. C, at 8; Guardiola Decl. Ex. E, at 2–4; Guardiola Decl. ¶¶ 12–29.

Thus, as a lesser sanction would not ensure Plaintiff's compliance with his discovery obligations, dismissal of Plaintiff's claims is appropriate.

### B. Alternatively, the Court Should Prohibit Plaintiff from Introducing Evidence of Injuries and Damages and from Relying on Witnesses and Documents Not Disclosed as of December 30, 2016

Should the Court decline to impose the sanction of dismissal at this time, Plaintiff should be precluded from relying, in support of his claims, on any witnesses not named in his Rule 26(a)(1) disclosures, any documents not produced therewith, or any evidence of injuries, medical and health issues, and damages.

Plaintiff has not provided any computation of damages, either in his Rule 26(a)(1) disclosures,[3] *see* Guardiola Decl. ¶¶ 5–6 & Ex. C, at 8, or in response to the State Defendants' interrogatories, *see id.* ¶ 8 & Ex. G, at 8. Neither has Plaintiff provided documents sufficient to determine the extent of his injuries, establish causation, or calculate the amount of any damages. Guardiola Decl. Ex. E, at 7–19; Guardiola Decl. Ex. G, at 10–14. Preclusion may be appropriate where, as here, a party fails to provide documents tending to support its allegation of injuries or assessment of damages. *See Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71–72 (2d Cir. 1988); *see also Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222–25 (3d Cir. 2003) (affirming preclusion of evidence as to damages due to plaintiff's last-minute submission of incomplete and unsupported damages calculation); *Chanel, Inc. v. Veronique Idea Corp.*, 795 F. Supp. 2d 262, 270–71 (S.D.N.Y. 2011) (precluding defendant from introducing documents or testimony concerning deductions from its revenue for calculating damages).

Preclusion of documents or witnesses may likewise be appropriate where a party has failed to produce the documents or identify the witnesses in discovery. *See, e.g.*, *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296–97 (2d Cir. 2006) (affirming preclusion of testimony from undisclosed witnesses); *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 268–69 (2d Cir. 1999) (affirming preclusion of testimony from undisclosed witnesses and preclusion of documents produced on eve of trial); *Colón v. Blades*, 268 F.R.D. 129, 133–34 (D.P.R. 2010) (barring introduction of documents not disclosed during discovery and testimony pertaining thereto); *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 105 (D.N.J. 2006) (barring introduction of documents not produced in response to discovery requests); *Gant v. Klenzade, Inc.*, 155 F.R.D. 102, 103–04 (E.D. Penn. 1994) (barring testimony of undisclosed witnesses); *cf. Monaghan v.*

---

[3] The State Defendants raised this issue when Plaintiff first served his initial disclosures, but Plaintiff failed to remedy the problem in his supplemental disclosures. Guardiola Decl. ¶ 6.

*SZS 33 Assocs., L.P.*, 148 F.R.D. 500, 507–11 (S.D.N.Y. 1993) (precluding defendant from supporting affirmative defense after negligently failing to producing documents pursuant to court order).

Again, applying the factors that the Second Circuit has set forth, the sanction of preclusion is warranted. *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012). The first, third, and fourth factors are all satisfied because, as discussed above, Plaintiff's noncompliance with the Court's orders has been willful; Plaintiff's noncompliance has persisted for more than three months past the original discovery deadline, long enough that the Court-ordered fact discovery cutoff has lapsed; and the Court warned Plaintiff twice that his failure to provide the HIPAA authorizations and discovery responses could lead to sanctions. *See supra* Part A.

The second factor is also satisfied, as lesser sanctions will not ensure Plaintiff's compliance with the Court's orders. Plaintiff expressly conditioned his participation in discovery on the Attorney General investigating non-parties for irrelevant conduct. *See* Guardiola Decl. ¶¶ 10, 42–44, 47–51. Likewise, Plaintiff asserted on the eve of his third deadline that State Defendants' counsel are required to allow Plaintiff to use their facilities for printing his materials, *see id.* ¶ 25, even though he had printed and mailed his extensive pleadings and all other discovery-related documents, *see, e.g.*, *id.* ¶¶ 5–6.[4]

Finally, the State Defendants are likely to be prejudiced if Plaintiff is allowed to benefit from his intransigence by presenting evidence from undisclosed witnesses and documents and evidence of his purported injuries and damages. Plaintiff should not benefit from his purposeful failure to comply by being allowed to present evidence of damages, to support his claims with

---

[4] P also mailed copies of deposition notices, separate interrogatories for each of the State Defendants, and one set of document requests. *See, e.g.*, Doc. 159-1 (Pl.'s Document Requests); Guardiola Decl. ¶ 25 n.1

12

documents not already provided, or to present testimony from witnesses not previously identified. *Update Art, Inc.*, 843 F.2d at 71; *Chowdhury v. Hamza Express Food Corp.*, 308 F.R.D. 74, 83 (E.D.N.Y. 2015).

Accordingly, Plaintiff should be precluded from introducing evidence to support his claim for damages and from relying, in his case in chief, on witnesses not already named and documents not already provided as of December 30, 2016.

## CONCLUSION

For the foregoing reasons, the Court should impose sanctions on Plaintiff pursuant to Rule 37(b)(2)(A), and the Court should award such other and further relief as it deems proper.

Dated: February 13, 2017  
       New York, New York

ERIC T. SCHNEIDERMAN  
Attorney General of the  
   State of New York

By: /s/ Angel M. Guardiola II  
Angel M. Guardiola II  
Assistant Attorney General  
120 Broadway, 24th floor  
New York, New York 10271  
Tel.: (212) 416-6696  
Fax: (212) 416-6009  
angel.guardiola@ag.ny.gov

*Attorneys for New York State Defendants*