```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
ETAN LEIBOVITZ,                     :    14 Civ. 3297 (RA) (JCF)
                                    :
               Plaintiff,           :       REPORT AND
                                    :       RECOMMENDATION
     - against -                    :
                                    :
THE CITY OF NEW YORK, et al.,       :
                                    :
               Defendants.          :
- - - - - - - - - - - - - - - - - -:
TO THE HONORABLE RONNIE ABRAMS, U.S.D.J.:
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/6/17

Etan Leibovitz, proceeding pro se, originally brought this action against a variety of city and state officials and entities; most claims have been dismissed. The remaining claims are asserted against three defendants -- New York State Court Officers Brian Daley, Nicole Tusa, and Salvatore Rapaglia (the "State Defendants") -- and arise out of the removal of Mr. Leibovitz from a courtroom during the sentencing hearing following his conviction for aggravated harassment in the second degree.

The State Defendants now move pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure for sanctions based on the plaintiff's failure to comply with discovery orders. Mr. Leibovitz did not respond to the motion. For the reasons that follow, I recommend that the motion be granted and the claims against the State Defendants be dismissed.

1

Background

The plaintiff's remaining claims encompass allegations that Officer Rapaglia used excessive force and committed state law assault and battery against him in the course of removing him from the courtroom during sentencing and that Officers Daley and Tusa failed to intervene to prevent the violation of the plaintiff's rights by Officer Rapaglia.

Following a scheduling conference on August 22, 2016, I issued a case management order requiring interrogatories and document requests to be served by September 21, 2016, and responded to by October 21, 2016. (Order dated Aug. 22, 2016, ¶ 8(a)-(b)). In addition, at the conference, Mr. Leibovitz indicated that he would promptly provide counsel for the State Defendants with executed HIPAA-compliant authorizations for the release of information from his health care providers. (Declaration of Angel M. Guardiola II dated Feb. 13, 2017 ("Guardiola Decl."), ¶ 4).

On September 20, 2016, counsel for the State Defendants contacted the plaintiff by email to ask that he return the executed medical releases, and Mr. Leibovitz replied that he was "working on" them. (Guardiola Decl., ¶ 7; Email string dated Sept. 20, 2016, attached as Exh. F to Guadiola Decl.). The next day, the State Defendants served the plaintiff with interrogatories and document requests and included an additional copy of the requested

HIPAA authorization. (Guardiola Decl., ¶ 8; State Defendants' First Set of Interrogatories and Document Requests ("Def. Disc. Req.") and Authorization for Release of Health Information Pursuant to HIPAA Form, attached as Exh. G to Guardiola Decl.).

Mr. Leibovitz never produced the HIPAA authorization, nor did he respond to the interrogatories and document requests. (Guardiola Decl., ¶¶ 11-14). After having been alerted to the plaintiff's breach of his discovery obligations, I issued two orders on November 15, 2016. In a memorandum endorsement on an October 31, 2016 letter from counsel for the State Defendants, I directed the plaintiff to provide complete responses to the interrogatories and document requests by November 30, 2016. (Memorandum Endorsement dated Nov. 15, 2016 (Docket no. 142)). Similarly, I endorsed a letter from counsel for the State Defendants dated September 30, 2016, stating in pertinent part, "Plaintiff shall provide the requested authorizations no later than November 30, 2016, failing which he will be subject to sanctions that may include dismissal of his claims." (Memorandum Endorsement dated Nov. 15, 2016 (Docket no. 144)).

On December 20, 2016, counsel for the State Defendants advised me that the plaintiff had failed to comply with my orders. (Letter of Angel M. Guardiola II dated Dec. 20, 2016). The next day I endorsed that letter with the following directive: "Plaintiff shall

fully comply with my November 15, 2016 orders by December 30, 2016. Should he fail to do so, defendants may promptly move for sanctions, including dismissal of the complaint." (Memorandum Endorsement dated Dec. 21, 2017). Again, Mr. Leibovitz did not comply. The State Defendants then filed this motion.

Discussion

Where a party fails to obey a discovery order, the court may (1) direct that matters in the litigation be taken as established by the prevailing party, (2) prohibit the sanctioned party from supporting or opposing claims or defenses or from introducing evidence, (3) strike pleadings in whole or in part, (4) stay further proceedings until the order is obeyed, (5) enter judgment against the disobedient party, or (6) require the disobedient party or her attorney to pay the reasonable expenses caused by the failure. Fed. R. Civ. P. 37(b)(2)(A), (C); see also Doe v. Delta Airlines Inc., __ F. App'x __, __, 2016 WL 6989793, at *2 (2d Cir. 2016); Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302 (2d Cir. 2009) (noting that party's failure to comply with court-ordered discovery may result in terminating sanction); Daval Steel Products, a Division of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991) ("When a party seeks to frustrate [discovery] by disobeying discovery orders, thereby preventing disclosure of facts essential to an adjudication on the

4

merits, severe sanctions are appropriate.").

Discovery sanctions serve a three-fold purpose: (1) to ensure that a party will not benefit from its failure to comply, (2) to obtain compliance with the court's orders, and (3) to deter noncompliance, both in the particular case and in litigation in general. Southern New England Telephone Co. v. Global NAPs Inc., 624 F.3d 123, 149 (2d Cir. 2010); Update Art, Inc. v. Modiin Publishing, Ltd., 843 F.2d 67, 71 (2d Cir. 1988); Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979). Harsh sanctions such as dismissal or default are reserved for extreme situations. See Agiwal, 555 F.3d at 302; see also Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 140 (2d Cir. 2007) (noting that "the severity of sanction must be commensurate with the non-compliance"); Royal Park Investments SA/NV v. U.S. Bank National Association, __ F.R.D. __, __, 2016 WL 6705773, at *3 (S.D.N.Y. 2016).

When determining the appropriate sanction to impose under Rule 37, courts in this Circuit weigh several factors, including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." World Wide Polymers, Inc. v. Shinkong Synthetic

5

Fibers Corp., 694 F.3d 155, 159 (2d Cir. 2012) (alteration in original) (quoting Agiwal, 555 F.3d at 302); accord Delta Airlines, __ F. App'x at __, 2016 WL 6989793, at *2; Royal Park Investments, __ F.R.D. at __, 2016 WL 6705773, at *3.  No one factor alone is dispositive.  World Wide Polymers, 694 F.3d at 159 ("[T]hese factors are not exclusive, and they need not each be resolved against the [sanctioned] party" (quoting Southern New England Telephone Co., 624 F.3d at 144)).

"'[A]ll litigants, including pro ses, have an obligation to comply with court orders,' and failure to comply may result in sanctions, including dismissal with prejudice."  Agiwal, 555 F.3d at 302 (alteration in original) (citation omitted) (quoting Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir. 1990)); accord Moore v. Caine, No. 15 CV 2062, 2016 WL 4081079, at *2 (E.D.N.Y. June 29, 2016).  Pro se litigants "are not immune to dismissal as a sanction for noncompliance with discovery orders," Agiwal, 555 F.3d at 302, and terminating sanctions may be appropriate "so long as a warning has been given that non-compliance can result in dismissal," Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994); accord Agiwal, 555 F.3d at 302; Moore, 2016 WL 4081079, at *2; Watkins v. Matarazzo, No. 13 Civ. 2477, 2016 WL 3351079, at *2 (S.D.N.Y. June 14, 2016).

Here, notwithstanding the "special solicitude" accorded pro se

6

litigants, Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006), each of the relevant factors supports dismissal of the complaint.

    A. Willfulness

    Mr. Leibovitz's failure to comply with my orders is plainly willful.  Executing a HIPAA authorization is hardly onerous, and the plaintiff agreed during the initial pretrial conference in August 2016 to do so as requested.  When counsel for the State Defendants attempted to discuss the outstanding authorizations with the plaintiff on September 27, 2016, he terminated the telephone call.  (Guardiola Decl., ¶ 10).  When counsel for the State Defendants reminded the plaintiff by email on December 13, 2016 that he was in default with respect to the authorizations, he responded by leaving a voice mail blaming counsel for neglecting to return his calls.  (Guardiola Decl., ¶ 19).  On December 29, 2016, the plaintiff had a telephone conference with counsel for the State Defendants to discuss outstanding discovery issues, but he did not explain why he had failed to return the HIPAA authorizations.  (Guardiola Decl., ¶ 25).  Finally, on February 8, 2017, the plaintiff left a voice mail for counsel for the State Defendants, stating that he refused to provide any HIPAA authorizations because he had previously provided them to counsel for a different entity (the City of New York) in a different action.  (Guardiola Decl., ¶

29).

Similarly, Mr. Leibovitz willfully ignored my order that he respond to the State Defendants' interrogatories and document demands. At first, on November 30, 2016, the plaintiff merely indicated that he needed additional time to comply. (Guardiola Decl., ¶ 17; Email of Etan Leibovitz dated Nov. 30, 2016, attached as Exh. J to Guardiola Decl.). Then, as with the HIPAA authorizations, he said he was not producing discovery responses because counsel failed to return his phone calls. (Guardiola Decl., ¶ 19). On December 29, 2016, Mr. Leibovitz came up with a new excuse: he stated he would provide discovery responses only if he could print and copy them at the office of counsel for the State Defendants. (Guardiola Decl., ¶ 25). He reiterated this demand on January 17, 2017, stating that defense counsel's "job is to invite [pro se parties] over" and "do the work and scan it for them." (Guardiola Decl., ¶ 27).

This pattern of conduct is clear evidence of Mr. Leibovitz's intention not to comply with the Court's orders or his discovery obligations.

B. <u>Efficacy of Lesser Sanctions</u>

A court should seek to impose the least harsh sanction that will remedy the discovery violation and deter such conduct in the future. See <u>Verna v. U.S. Bank National Association</u>, No. 15-CV-

1127, 2016 WL 5107115, at *3 (N.D.N.Y. Sept. 20, 2016); Grammar v. Sharinn & Lipshie, P.C., No. 14 Civ. 6774, 2016 WL 525478, at *3 (S.D.N.Y. Feb. 8, 2016); Hawley v. Mphasis Corp., 302 F.R.D. 37, 46 (S.D.N.Y. 2014). Severe sanctions such as dismissal are to be applied sparingly, where no other sanction will suffice. See Agiwal, 555 F.3d at 302. Here, there is no alternative sanction that has any likelihood of overcoming the plaintiff's obstinacy. If the discovery sought went only to the plaintiff's damages, it might be sufficient to preclude him from presenting evidence on that issue. However, the interrogatories and document demands are broader, and seek information relating to liability as well. For example, the State Defendants sought documents concerning the paragraphs of the Second Amended Complaint that describe incident of which the plaintiff complains (Def. Disc. Req. no. 14); documents concerning the location of the incident (Def. Disc. Req. no. 15); documents prepared by the plaintiff concerning the incident (Def. Disc. Req. no. 16); and communications by the plaintiff or others concerning the incident (Def. Disc. Req. nos. 18, 20, 24). Accordingly, no sanction short of dismissal would prevent prejudice to the State Defendants as a result of the plaintiff's refusal to cooperate in discovery.

    C. Duration of Non-Compliance

    It is now over four months since the deadline for compliance

with my November 15, 2016 orders passed, and over three months beyond the deadline set by my December 21, 2016 order. Not only is this a sufficiently lengthy period of non-compliance to warrant sanctions, see Embuscado v. DC Comics, 347 F. App'x 700, 701 (2d Cir. 2009) (affirming dismissal after three months of non-compliance with discovery order); Georgiadis v. First Boston Corp., 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (dismissing complaint after four months of non-compliance with order), but there is also no indication that the plaintiff ever intends to comply.

   D. Notice

In both of the orders at issue, I explicitly warned the plaintiff that the consequences of non-compliance could include sanctions, including dismissal of the complaint.

Conclusion

   The plaintiff has willfully violated my discovery orders, and over a period of months he has given no indication of a willingness to comply. No sanction short of dismissal would be appropriate in these circumstances, and the plaintiff was warned twice that failure to comply would lead to a terminating sanction. For these reasons, I recommend that the State Defendant's motion (Docket no. 165) be granted and the remaining claims be dismissed. Pursuant to 28 U.S.C. § 636 (b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days

to file written objections to this Report and Recommendation. Such objection shall be filed with the Clerk of the Court, with extra copies delivered to the Chambers of the Honorable Ronnie Abrams, Room 2203, 40 Foley Square, New York, New York 10007, and to the Chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

                                    Respectfully submitted,

                                    JAMES C. FRANCIS IV
                                    UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
            April 6, 2017

Copies transmitted this date:

Etan Liebovitz
83-19 141st St., #207
Briarwood, NY 11435
(via U.S. Mail)

Angel M. Guardiola II, Esq.
Michael A. Berg, Esq.
Assistant Attorneys General
120 Broadway, 24th Floor
New York, NY 10271