USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 8/10/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ETAN LEIBOVITZ,

                Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

                Defendants.

No. 14-cv-3297 (RA)

OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

On April 6, 2017, Magistrate Judge Francis issued a Report and Recommendation ("Report") recommending that the State Defendants' motion for sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) be granted, and the claims against them dismissed due to Plaintiff Etan Leibovitz's failure to comply with multiple discovery orders. Dkt. No. 172. While recognizing both the special solicitude due pro se litigants and that a sanction as severe as dismissal must only be imposed sparingly, this Court nonetheless adopts the Report in its entirety.

As noted in the Report, on November 15, 2016, Plaintiff was warned that failure to provide HIPAA-complaint authorizations by November 30, 2016—which he had agreed to produce promptly three months earlier—would make him "subject to sanctions that may include dismissal of his claims." Dkt. No. 144. By separate order, also dated November 15, 2016, Judge Francis further directed that by "[b]y November 30, 2016, [P]laintiff shall provide complete responses to the interrogatories and document requests," which had been due October 21, 2016. Dkt. No. 142. On December 21, 2017, Mr. Leibovitz had still failed to comply with his discovery obligations, and Judge Francis ordered that "Plaintiff shall fully comply with my November 15, 2016 discovery orders by December 30, 2016. Should he fail to do so, [D]efendants may promptly move for

1

sanctions, including dismissal of the complaint." Dkt. No. 152. Again, Mr. Leibovitz failed to comply. On February 13, 2017, Defendants moved for sanctions, Dkt. No. 165, and the next day Judge Francis set a briefing schedule, informing Plaintiff that he would have until February 21, 2017, to answer the motion, Dkt. No. 168. Mr. Leibovitz did not respond to the motion for sanctions, although on February 15, 2017, he did make a submission addressing several matters irrelevant to his underlying claim or the sanctions motion. *See* Dkt. No. 170. On April 6, 2017, Judge Francis issued the Report. In it, Plaintiff was advised that "the parties shall have fourteen (14) days to file written objections to this Report and Recommendation." Dkt. No. 172.

On April 20, 2017, Plaintiff submitted a letter to this Court "to give . . . notice that [he] object[s] to Mr. Francis' Report and Recommendation and that [he] plan[s] to submit [his] objections." Dkt. No. 174. On May 19, 2017, forty-three days after Judge Francis issued his Report, Plaintiff submitted a letter stating that it was his "plan[]" to submit "an extensive letter addressing the State Defendants' Motion for Sanctions . . ." and that he "plan[s] to have the said letter filed by next week." Dkt. No. 176. On July 17, 2017, the Court ordered that any written submission that Plaintiff would like the Court to consider before ruling on the Report must be filed by July 31, 2017, and that he must explain what excusable neglect, if any, caused his failure to respond in a timely manner or request an extension prior to the deadline for objections. Dkt. No. 177. On July 31, 2017, the Court received a letter and declaration from Plaintiff. Dkt. Nos. 178, 179. In it, he claims that there is "excusable neglect" for failing to request an extension prior to the original deadline because

> since January of 2017, [he has] been studying for the LSAT, scheduled to take the exam on September 16th, 2017, and studying C programming in order to rebuild [his] trading algorithm, working with [his] Appellate Attorney with regards to [his] direct appeal pertaining to [his] first arrest, and most importantly allowing the State's narrative to play out.

2

Leibovitz Decl., Dkt. No. 179, ¶ 35. Defendants submitted a responsive letter on August 8, 2017.[1]

Pursuant to Federal Rule Civil of Procedure 6(b)(1), Plaintiff's objections should be deemed waived unless his failure to timely respond to the Report or seek an extension by April 20, 2017—the final day of the fourteen-day period for filing such responses pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72—was the result of "excusable neglect." *See, e.g., Knox v. Palestine Liberation Org.*, 229 F.R.D. 65, 68 (S.D.N.Y. 2005). The determination of what constitutes excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), including: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the moving party, and (4) whether the moving party acted in good faith," *Williams v. KFC Nat. Mgmt. Co.*, 391 F.3d 411, 415 (2d Cir. 2004). The Second Circuit has emphasized that "it is the third factor—the reason for the delay—that predominates, and the other three are significant only in close cases." *Williams*, 391 F.3d at 415–16.

The essence of Plaintiff's purported reason for the delay is that he was busy. He asserts that he has been studying programing as well as for the LSAT exam, and pursuing an appeal in another case. *See* Leibovitz Decl., Dkt. No. 179, ¶ 35. None of these excuses however, explains why he could not even have submitted a request for an extension of time, as he has done many times in the past. *See* Dkt. Nos. 11, 45 (citing the Court's Special Rules & Practices in Civil Pro Se Cases), 51, 52, 60, 82, 87, 89 (seeking an enlargement of time to file written objections to a

---

[1] Mr. Leibovtiz called the Court on August 8, 2017, to notify it of his intention to submit a reply at some future unspecified date. "This Court declines to consider [Plaintiff's proposed] reply memorandum given that Fed. R. Civ. P. 72(b)(2) authorizes only objections and a response, not a reply, to a magistrate judge's report." *Mordukhaev v. Daus*, No. 09-CV-5149 (SHS), 2010 WL 3792191, at *1 n.1 (S.D.N.Y. Sept. 28, 2010), *aff'd*, 457 F. App'x 16 (2d Cir. 2012).

Report and Recommendation), 91, 93, 103, 112, 117. Tellingly, Mr. Leibovitz does not claim that there were any circumstances outside of his control or that he did not understand the Court orders. "Nor does pro se status excuse a party from meeting deadlines imposed by the Court to file opposition." *Martinez v. Ravikumar*, 536 F. Supp. 2d 369, 370 (S.D.N.Y. 2008). Plaintiff has thus not shown that the reason he filed his objections more than three months after the deadline was due to excusable neglect. *See, e.g.*, *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 251 (2d Cir. 1997) ("Counsel's failure to read and obey an unambiguous court rule . . . was not excusable. And the fact that counsel was preoccupied with his bid for public office does not alter this conclusion.").

"To accept those portions of the report to which no timely objection has been made, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" *Hunter v. Lee*, No. 13-CV-5880 (PAE), 2016 WL 5942311, at *1 (S.D.N.Y. Oct. 11, 2016) (quoting *King v. Greiner*, No. 02-CV-5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)). "[W]hen the objections . . . make only conclusory statements, the Court should [also] review the report for clear error." *Brown v. Colvin*, 73 F.Supp.3d 193, 197 (S.D.N.Y. 2014).

Finding no clear error, the Court adopts Judge Francis's recommendation in its entirety. The Report rightly recognizes both the special solicitude accorded to pro se litigants, and that dismissal is a severe sanction that must be applied sparingly, but nonetheless finds this sanction appropriate after a careful consideration of the relevant factors. Report, Dkt. No. 172, at 5–10. Judge Francis concluded that "[P]laintiff has willfully violated my discovery orders, and over a period of months he has given no indication of a willingness to comply. No sanction short of dismissal would be appropriate in these circumstances, and the plaintiff was warned twice that failure to comply would lead to a terminating sanction." *Id.* at 10. The finding that Plaintiff acted

willfully in failing to comply with the Court's orders is well supported by the record. *Id.* at 7–8; *see Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) ("[D]ismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the non-compliant litigant.") (internal quotation marks omitted).[2] Accordingly, the State Defendants' motion for sanctions is granted, and the claims against them are dismissed.

The Clerk of Court is respectfully directed to terminate the motion pending at docket number 165 and to close this case.

SO ORDERED.

Dated: August 10, 2017
New York, New York

Ronnie Abrams
United States District Judge

---

[2] Even if the Court were to consider Plaintiff's untimely objections, it would not change the result. Plaintiff's argument that defense counsel are to blame for his failure to comply with his discovery obligations because of their refusal to allow him to "use the New York State Attorney General's Office to scan [his] documents" is meritless. *See* Leibovitz Decl., Dkt. No. 179, ¶¶ 22–23. He made no application to the Court claiming to have any logistical or financial impediments. And at least in the case of his failure to provide executed HIPAA-compliant authorizations, not only was that obligation far from onerous but counsel "sent Plaintiff six authorization forms along with three business return envelops." Guardiola Decl., Dkt. No. 166, ¶ 3. Moreover, Leibovitz's contention that Judge Francis's failure to address whether he "can knowingly submit and file false documents or ones that contain 'alternative facts,'" *id.* ¶ 27, prevented him from filing objections is nothing short of frivolous. Federal Rule of Civil Procedure 11(b) answers this question directly. Nor does the fact that Judge Francis "relied on only one party's document, Mr. Guardiola's Declaration, in order to render his decision," *id.* ¶ 30, raise any concerns given that it was Plaintiff who chose not to file an opposition to Defendants' motion for sanctions.

5